IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ROBERT D. BLAUROCK,

                              Plaintiff,

          v.                              CASE NO.08-3116-SAC

KANSAS DEPARTMENT OF
CORRECTIONS, et al.,

                    Defendants.


## O R D E R

     Plaintiff proceeds pro se on a civil complaint filed under 42
U.S.C. § 1983 while confined in the Hutchinson Correctional Facility
(HCF) in Hutchinson, Kansas.   Plaintiff's motion for leave to
proceed in forma pauperis is granted.[1]

     Because plaintiff is a prisoner, his complaint is subject to
being summarily dismissed if the court finds it is frivolous, fails
to state a claim on which relief may be granted, or seeks monetary
relief from a defendant immune from such relief.   28 U.S.C. §
1915(2)(2)(B).

*Plaintiff's Allegations*

     In this action, plaintiff seeks damages on allegations related
to his medical care at HCF, and alleges the following facts.

     Plaintiff states he was injured in an inmate attack on May 18,

_____

     [1]The record reflects that plaintiff paid the initial partial
filing fee assessed by the court pursuant to 28 U.S.C. § 1915(b)(1),
and has paid the remainder of the $350.00 district court filing fee
by payments over time from his inmate trust fund account as
authorized by 28 U.S.C. § 1915(b)(2).

2007, at the Ellsworth Correctional Facility (ECF). Plaintiff states that he sustained facial lacerations and injuries to his neck and rib cage, that x-rays were not readily provided, and that he was held in segregation at ECF without medical treatment to address pain and swelling.

Four days after being injured, plaintiff was transferred to HCF where Officer Koeker assigned him to work as a porter, and four months later to manual labor at the I.G.U. shop, notwithstanding plaintiff's preexisting hernia for which surgery had been recommended at some point. Plaintiff states he was reinjured at work, and that his request to Koeker on October 26, 2007, for reassignment or a medical lay-in were denied. Plaintiff also states his injuries were inflamed when Sgt. Hooks denied plaintiff's request to be placed on light duty.

Plaintiff states that X-rays taken January 14, 2008, and reviewed two weeks later by Dr. Bumgartner, confirmed injuries to plaintiff from the ECF attack. Plaintiff claims surgery to relieve his pain and partial paralysis was refused by Correct Care Services (CCS) as too costly. Instead, CCS provided alternative medical care, namely chiropractic treatment, pain medication, and prednisone to relieve plaintiff's swelling and inflammation. Plaintiff states he was unable to get assistance with obtaining more comfortable bedding, and maintains his hernia is still painful and in need of surgical repair.

Plaintiff seeks damages from the following defendants in their official and individual capacities:  KDOC, KDOC Secretary Roger Werholtz, HCF Warden Sam Cline, HCF Unit Team Manager Kroeker, HCF Sargent Hooks, CCS, CCS Chief Physician Bumgartner, and CCS Medical

2

Assistant Goff.[2]  Having reviewed the complaint, the court finds it is subject to being summarily dismissed because plaintiff's allegations fail to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

*42 U.S.C. § 1983*

To allege a valid claim under 42 U.S.C. § 1983, plaintiff must assert the denial of a right, privilege or immunity secured by federal law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). Plaintiff must state enough specific facts to make a legal claim for relief plausible on the face of the complaint, and to make the right to relief more than speculative. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir.2007).  Plaintiff must also provide facts to establish each defendant's personal participation in the alleged deprivation of plaintiff's constitutional rights.  *Jenkins v. Wood*, 81 F.3d 988, 994-95 (10th Cir.1996).

Eleventh Amendment Immunity

First, plaintiff's claims for damages against KDOC, and against any state official in their official capacity, are barred by the Eleventh Amendment.  *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978)(absent consent, Eleventh Amendment bars suit against a state or state agency); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985)(Eleventh Amendment immunity protects state officials sued for damages in their official capacity).  Also, the Supreme Court has

---

[2]The court notes that plaintiff filed a companion § 1983 case seeking relief from ECF defendants, which plaintiff voluntarily dismissed. *See Blaurock v. Kansas Dept. of Corrections*, Case No. 08-3115-SAC.  The present action involves no ECF defendant.

held that neither states nor state officers sued in their official capacities are "persons" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).

Personal Participation

Second, plaintiff alleges no personal participation by Secretary Werholtz and HCF Warden Cline in the alleged violation of his constitutional rights.

It is well established that "[i]ndividual liability under 42 U.S.C. § 1983 must be based on personal involvement in the alleged constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147 (10th Cir.2008)(*citation for quote omitted*). *See also Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996)("[P]ersonal participation is an essential allegation in a § 1983 claim.")(citation for quote omitted). Nor may plaintiff rely on the doctrine of respondeat superior to hold a defendant liable by virtue of the defendant's supervisory position. *Rizzo v. Goode*, 423 U.S. 362 (1976).

Eighth Amendment Claim Against CCS

Third, plaintiff's claim for damages against CCS is subject to being summarily dismissed because plaintiff alleges no CCS policy or custom that directly caused any violation of plaintiff's constitutional rights. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir.2003)(collecting circuit court cases recognizing the municipal liability requirements imposed by *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978), extend to private entities sued under § 1983).

Eighth Amendment Claims Against Remaining Defendants

Fourth, plaintiff's allegations against the remaining

4

defendants fail to present a viable Eighth Amendment claim of deliberate disregard to an obvious and serious medical need of plaintiff.

To state a cognizable Eighth Amendment claim for failure to provide medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This constitutional standard requires both an objective showing that the pain or deprivation be sufficiently serious, and a subjective showing that the offending officials acted with a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Garrett v. Stratman*, 254 F.3d 946, 949 (10th Cir.2001)(*quotation omitted*). The subjective showing is satisfied "if an officer knows of and disregards an excessive risk to a detainee's health or safety. Essentially, the officer must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1315 (10th Cir.2002)(citations, quotations, and brackets omitted).

As to HCF Officers Koeker and Hooks, plaintiff complained of being assigned to work as a porter, but it appears he performed that work assignment for four months further complaint or injury. He then complained about his reassignment to I.G.U. as involving heavier manual labor, and simply states he was reinjured but fails to provide any information as to the nature or extent of that

injury, or how said injury related to any preexisting medical condition implicated by this work assignment. Plaintiff provides an administrative response in which Koeker states that plaintiff had no restriction contrary to his placement in I.G.U., and a subsequent inmate request form in which plaintiff complained that Koeker was mistaken. Plaintiff states only that Sgt. Hooks denied plaintiff's request for a lay-in or lighter duty, and provides no further details or documentation regarding the timing or circumstances of that request. These allegations are insufficient to plausibly find any deliberate indifference by staff in plaintiff's work assignments.

As to Drs. Bumgartner and Goff, plaintiff alleges no deliberate disregard by either defendant. Instead, plaintiff implies the medical treatment provided has been ineffective, acknowledges that Dr. Bumgartner explained the risks to be avoided in surgically addressing plaintiff's condition until absolutely necessary, and complains of not being provided a more comfortable medical mattress and proper pillow.

Neither plaintiff's disagreement with medical staff over the care provided, nor the "inadvertent failure to provide adequate medical care," are sufficient to state a cognizable constitutional claim. *Estelle*, 429 U.S. at 105. *See Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1142 (10th Cir.2005)(mere difference of opinion about treatment, even among professionals, does not give rise to claim under the Eighth Amendment); *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 811 (10th Cir.1999)("a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation").

6

Plaintiff also fails to identify any substantial harm resulting from any alleged delayed medical treatment. *See White v. Colo.*, 82 F.3d 364, 366-67 (10th Cir. 1996)(delay in medical treatment does not constitute a constitutional violation unless it can be shown that the delay resulted in substantial harm); *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993)(same).

*Notice and Show Cause Order to Plaintiff*

The court thus finds the complaint is subject to being summarily dismissed as stating no claim for relief, absent amendment of the complaint to address the deficiencies identified herein by the court. The failure to file a timely response may result in the complaint being dismissed as stating no claim for relief, without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED.**

DATED: This 8th day of September 2011 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge