IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**ROBERT D. BLAUROCK,**

                  **Plaintiff,**

      v.                                               CASE NO.08-3116-SAC

**KANSAS DEPARTMENT OF
CORRECTIONS, et al.,**

                  **Defendants.**


<u>MEMORANDUM AND ORDER</u>

    Robert Blaurock proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983 while confined in the Hutchinson Correctional Facility (HCF) in Hutchinson, Kansas. The court reviewed Blaurock's allegations and directed him on September 8, 2011, to show cause why the complaint should not be summarily dismissed as stating no claim for relief, 28 U.S.C. § 1915(e)(2)(B)(ii). Having reviewed the amended complaint Blaurock filed in response, the court concludes this action should be dismissed.

    *Allegations and Show Cause Order*

    In his complaint Blaurock alleged he was denied medical treatment at HCF where he was transferred in May 2007 after being attacked by inmates at Ellsworth Correctional Facility (ECF). The defendants named in the complaint included the Kansas Department of Corrections (KDOC), then Secretary of Corrections Roger Werholtz, Corrections Care Solutions (CCS), and various HCF defendants.

    Plaintiff states he sustained facial lacerations and injuries to his neck and rib cage in the ECF attack. Four days after being

injured, Blaurock was transferred to HCF where Officer Koeker first assigned him to work as a porter, and then four months later assigned him to manual labor at the I.G.U. shop, all notwithstanding Blaurock's preexisting hernia for which surgery had been recommended at some point. Blaurock states he was reinjured at work, and that his request to Koeker in October 2007 for reassignment or a medical lay-in was denied. Blaurock also claims his injuries were inflamed when Sgt. Hooks denied Blaurock's request to be placed on light duty.

Blaurock states that Dr. Bumgartner's review of January 2008 x-rays confirmed plaintiff's injuries from the ECF attack. Blaurock claims CCS at that time refused surgery to relieve his pain and partial paralysis, and instead provided alternative medical care including chiropractic treatment, pain medication, and prednisone to relieve swelling and inflammation. Blaurock states he was unable to get assistance with obtaining more comfortable bedding, and maintains his hernia is still painful and in need of surgical repair.

On these facts and allegations Blaurock seeks damages from all defendants in their official and individual capacities. The court reviewed the complaint and found it was subject to being dismissed for the following reasons.

Blaurock's claims for damages against KDOC and all defendants named in their official capacity were barred by the Eleventh Amendment. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978)(absent consent, Eleventh Amendment bars suit against a state or state agency); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985)(Eleventh Amendment immunity protects state officials sued for damages in

their official capacity).

As to Blaurock's claims for damages against the individual defendants in their personal capacity, all were subject to being summarily dismissed.  First, Blaurock alleged no personal participation by Secretary Werholtz and HCF Warden Cline in the alleged violation of his constitutional rights.  *See Fogarty v. Gallegos*, 523 F.3d 1147 (10th Cir.2008)(individual liability under § 1983 requires the defendant's personal involvement in the alleged constitutional violation). Second, Blaurock's allegations regarding his HCF work assignments were insufficient to plausibly find that HCF Officers Kroeker and Hooks "knew of and disregarded an excessive risk to [plaintiff's] health or safety," for purposes of satisfying the subjective component required to state an Eighth Amendment claim.   *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).   Third, Blaurock's allegations of being denied appropriate and adequate medical treatment for injuries sustained in the ECF attack were insufficient to plausibly find that any defendant acted with deliberate disregard to any obvious need for immediate or specific medical treatment. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976)(stating constitutional standard for Eighth Amendment claim based on the alleged denial of medical treatment).  Fourth, neither Blaurock's disagreement with the medical care provided, nor his reliance on allegations of state negligence and malpractice, present a colorable claim for relief under 42 U.S.C. § 1983.  *See Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1142 (10th Cir.2005)(mere difference of opinion about treatment, even among professionals, does not give rise to claim under the Eighth Amendment); *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803,

811 (10th Cir.1999)("a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation").  And fifth, Blaurock failed to identify any serious physical harm that resulted from any delay alleged in obtaining x-rays and additional medical treatment.  *See White v. Colo.*, 82 F.3d 364, 366-67 (10th Cir. 1996)(delay in medical treatment does not constitute a constitutional violation unless it can be shown that the delay resulted in substantial harm); *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993)(same).

As for CCS, Blaurock failed to sufficiently identify there was any deliberate indifference to a serious medical need of Blaurock pursuant to a corporate policy or custom, for purposes of stating a cause of action against this particular defendant.  *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir.2003)(collecting circuit court cases recognizing the municipal liability requirements imposed by *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978), extend to private entities sued under § 1983).

The court granted Blaurock the opportunity to cure these identified deficiencies and avoid dismissal of the complaint.

*Blaurock's Response*

In his timely response, Blaurock submitted an amended complaint that essentially restates his original HCF allegations against the defendants named in the original complaint.  The amended complaint also contains additional allegations regarding the 2007 inmate attack at ECF, and names ECF officers as additional defendants.  The amended complaint, considered as an amendment of right pursuant to Fed.R.Civ.P. 15(a)(1), is subject to summary dismissal if the court finds it presents no plausible claim upon which relief can be

granted under § 1983.[1]  28 U.S.C. § 1915(e)(2)(B)(ii).

A. The ECF claims and defendants are time barred

Blaurock's amended complaint includes new allegations and defendants regarding the ECF inmate attack against him in 2007. It is plain on the face of the record, however, that such claims against ECF defendants are clearly time barred. It is well settled in this district that a two year statute of limitations applies to claims seeking relief under § 1983. *See Baker v. Board of Regents of State of Kan.*, 991 F.2d 628, 630-31 (10th Cir.1993). This limitations period is set forth at K.S.A. 60-513(a)(4), which provides a two-year limitations period for bringing an action for "an injury to the rights of another." *See Wallace v. Kato*, 549 U.S. 384 (2007)(statute of limitations applicable to § 1983 actions is what state law provides for personal injury torts).

Although an amended complaint can "relate back" to the date of timely filed claims in the original complaint, the proposed new claims must arise out of the same transaction or occurrence set out in the original complaint. *See* Fed.R.Civ.P. 15(c)(1)(B)("An amendment to a pleading relates back to the date of the original pleading when...the amendment asserts a claim...that arose out of the conduct, transaction, or occurrence set out...in the original pleading."). That requirement is not met here, where the original complaint alleged misconduct at HCF officials after Blaurock's transfer from ECF.

The court also notes that Blaurock filed a separate companion complaint to the instant action, naming ECF defendants and including

---

[1] Plaintiff's motion to be allowed to conventionally file exhibits (Doc. 18) is granted.

5

allegations concerning his injuries at that facility. *See Blaurock v. Kansas Dept. of Corrections*, Case No. 08-3115-SAC. Blaurock voluntarily dismissed that action in January 2009 when the court directed him to show cause why that complaint should not be voluntarily dismissed, and Blaurock took no further action regarding his ECF allegations until submitting the amended complaint in the instant action some 22 months later. Although Blaurock argues his voluntary dismissal of that companion case was "without prejudice," it is well established that a voluntary dismissal without prejudice operates as though the action had never been brought, and results in no tolling of the limitations period for refiling the action. *See Brown v. Hartshorne Pub. Sch. Dist.*, 961 F.2d 959, 961 (10th Cir.1991).

B. Joinder Principles

Amendment of the original complaint to add claims and defendants regarding Blaurock's confinement at ECF would also not comport with federal rules governing the joinder of claims, Fed.R.Civ.P. Rule 18, and the joinder of defendants, Fed.R.Civ.P. Rule 20, arising out of the same transaction or occurrence that involve questions of law and fact common to all defendants. Moreover, allowing Blaurock to insert new claims against additional defendants into the instant action would essentially circumvent the filing fee requirements and sanctions provisions of the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(a)-(b) and (g).

C. HCF Claims and Defendants

Because the remaining defendants and Blaurock's allegations against them remain essentially the same as in the original complaint, and because Blaurock has not addressed or cured the

6

deficiencies identified in the September 2011 show cause order, the court concludes the amended complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

*Pending Motions*

Dismissal of the amended complaint renders plaintiff's remaining pending motions moot. The court notes, however, that its finding of no viable claim warranting service on any defendant defeats plaintiff's motions for service, for appointment of counsel, for discovery, and for default judgment.

IT IS THEREFORE ORDERED that plaintiff's motion to allow conventional filing of exhibits (Doc. 18) is granted.

IT IS FURTHER ORDERED that the amended complaint, considered by the court as plaintiff's response to the show cause order entered on September 8, 2011, is dismissed as stating no claim for relief.

IT IS FURTHER ORDERED that all motions remaining before the court are denied as moot.

DATED: This 16th day of August 2012 at Topeka, Kansas.

                                         s/ Sam A. Crow
                                         SAM A. CROW
                                         U.S. Senior District Judge